**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**DETINA EATON**                                                                                                         **PLAINTIFF**
**ADC# 707841**

**VS.**                              **CASE NO.: 1:08CV00008 JLH/BD**

**DAVID A. SHERMAN,** *et al.*                                                                                **DEFENDANTS**


**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

## II.  Introduction:

Plaintiff, Detina Eaton, filed this action under 42 U.S.C. § 1983 alleging violations of her civil and constitutional rights (docket entry #2). Now pending is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (#1). For the following reasons, the Court recommends that the complaint be DISMISSED WITH PREJUDICE and that the Motion for Leave to Proceed in Forma Pauperis be DENIED as moot.

## III.  Background:

Plaintiff brings this action against Defendants Sherman, Stewart, Maples, Jr., Capel, Dunavion, Inman, Huffman, Pope, Jones, Smith, and Does at the Sex Offender Assessment Committee based on two incidents. First, Plaintiff alleges that Defendant Stewart denied her two meals on January 20, 2008. Second, Plaintiff alleges that

Defendant Sherman wrongfully denied her a clean jumpsuit on one occasion.  Plaintiff does not make any allegations regarding the other named defendants.

## IV.     Standard:

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983.  Courts must accept the factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  A plaintiff still must assert facts, however, sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## V.     Analysis of Petitioner's Claims:

Plaintiff alleges that Defendants violated her Eighth Amendment right to be free from cruel and unusual punishment by denying her food and clothing.  Prison officials are

3

constitutionally required to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994). To prevail on an Eighth Amendment claim, an inmate must prove both an objective and a subjective element. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir.1998). "First, the alleged deprivation, objectively, must be 'sufficiently serious'; the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'; or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" *Id*. at 807 (quoting *Farmer*, 511 U.S. at 834). "Second, the prison official, subjectively, must act with 'deliberate indifference' to inmate health or safety." *Id*. (quoting Farmer, 511 U.S. at 834).

### A. Missed Meals

Plaintiff alleges that Defendant Stewart denied her two meals due to "a conflict in interest" because he told Plaintiff that she was "too yucky to eat." (#2, p. 5, 6) It is clear from the complaint that Plaintiff was not actually denied a meal. Instead, Plaintiff was given alternative meals, or food loaves. Plaintiff alleges that alternative meals "fall under the category of physical abuse," and that by providing only an alternative meal, instead of a regular meal, Defendant Stewart's behavior constituted cruel and unusual punishment (#2, p. 7).

Plaintiff's dissatisfaction with her meal service apparently originated from either a misunderstanding or difference of opinion as to when Plaintiff was scheduled to receive

regular meals instead of food loaves. Plaintiff alleges that she should have been removed from the alternative meal diet at 12:00 p.m. (noon) on January 20, 2008, in time for a regular lunch. In their response to Plaintiff's grievance, prison officials stated that Plaintiff's alternative meal diet lasted until 12:00 a.m. (midnight), and that she was not to receive a regular food tray until January 21, 2008. Plaintiff finds support for her position by the removal of the "food loaf order" sign from her cell door. She states that Defendant "Stewart violated my civil and constitutional rights when he knowingly ignored that there was no food loaf order on my cell door, D210 in segregation, and still insisted upon giving me an alternative meal source." (#2, p. 7)

At this stage of the proceedings, the Court must take Plaintiff's allegations as true. Construing the alleged facts in a light most favorable to Plaintiff, the complaint alleges that she wrongfully was served two alternative meals instead of regular meals. Plaintiff does not contest her placement on the alternative meal diet, nor does she allege that alternative meals given prior to January 20, 2008, violated her civil or constitutional rights. Plaintiff does not allege physical injury, inadequate nutrition, or even hunger resulting from being served alternative meals. She alleges only that receiving alternative meals, when she anticipated eating a regular meals, constituted cruel and unusual punishment. These allegations fail to state a claim for an objective deprivation as required to evidence an Eighth Amendment violation. See *McEachin v. McGuinnis*, 357 F.3d 197, 199-201 (2d Cir.2004) (affirming district court's Rule 12 dismissal of Eighth

Amendment claim alleging that inmate was placed on a restricted diet consisting of "loaf" for seven days); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986) (seven days of food loaf failed to state a claim for Eighth Amendment violation); *Alex v. Stalder*, 225 Fed.Appx. 313 (5th Cir. 2007) (unpublished) (the serving of food loaf, without more, does not give rise to an Eighth Amendment violation); *Griffis v. Gundy*, 47 Fed.Appx. 327 (6th Cir. 2002) (unpublished) (citing *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977)) (a diet of food loaf does not violate the prohibition against cruel and unusual punishment, because it has been shown that these loaves meet nutritional and caloric requirements for humans); *Gates v. Huibrecrtse*, 69 Fed.Appx. 326 (7th Cir. 2003) (unpublished) (providing an inmate with a food loaf for seven days is not a violation of the Eighth Amendment); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary nutri-loaf diet did not violate Eighth Amendment).  Accordingly, this claim should be dismissed.

    **B.  Clothing**

Plaintiff's second allegation is that Defendant Sherman wrongfully denied her a clean jumpsuit.  Plaintiff states, "[c]lean jumpsuits are to be issued out on designated shower days.  However, I needed a clean jumpsuit at that time." (#2, p. 8)  Defendant Sherman's refusal to provide a clean jumpsuit upon request, assuming that the allegation is true, did not deny Plaintiff the "minimal civilized measure of life's necessities" as required to evidence an Eighth Amendment violation.  See *O'Leary v. Iowa State Men's*

*Reformatory*, 79 F.3d 82, 83-84 (8th Cir.1996) (several days without underwear, blankets, mattress, exercise and visits is not a violation of the Eighth Amendment); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir.1995) (four days without clothes, mattress, bedding, mail, and hygienic supplies is not a violation of the Eighth Amendment).  Accordingly, this claim also should be dismissed.

### C.  Named Defendants

Except for the allegations against Defendants Sherman and Stewart, Plaintiff does not allege wrongdoing by any of the other named defendants.  Plaintiff does not allege that any unconstitutional policy or custom existed.  Likewise, Plaintiff does not claim that any Defendant denied her an interest guaranteed by the Due Process Clause.  Even if the Court could read these allegations into Plaintiff's complaint, they would fail to state a claim upon which relief could be granted.  See *Sandin v. Conner*, 515 U.S. 472, 482-84, 115 S.Ct. 2293 (1995) (disapproving a district court finding that inmates have a liberty interest in not being placed on food loaf diet and directing federal courts to afford appropriate deference and flexibility to state officials managing prisons).  Because Plaintiff fails to state a claim against any of the named defendants, the complaint should be dismissed with prejudice.

## VI.   Conclusion:

The Court recommends that the District Court dismiss this Complaint with prejudice.  In addition, the Court recommends that this dismissal constitute a "strike"

under 28 U.S.C. § 1915(g) of the PLRA, and that the District Court certify, under 28 U.S.C. § 1915(a)(3), that an appeal taken from this Order would be frivolous and could not be taken in good faith.

DATED this 22nd day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE